UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br>Vicki Lee Grusby aka Vicki Northey aka<br>Grusby aka Vickie Grusby aka Vicky<br><br>    Debtor(s). | §<br>§<br>§   Case No. 20-11033-SMG<br>§   Chapter 13<br>§<br>§ |

**OBJECTION OF NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING TO THE CONFIRMATION OF THE DEBTORS' CHAPTER 13 PLAN**

**NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-0C8, Mortgage Pass-Through Certificates, Series 2060-0C8** ("**Shellpoint**") hereby objects to the confirmation of the Debtor's Chapter 13 Plan for the following reasons:

1. **Shellpoint** is a secured creditor of the debtors, **Vicki Lee Grusby** (the "Debtor") with respect to real property commonly known as **260 Southwest 75th Ter, Plantation, FL 33317** (the "Property").

2. The Debtor is in default under the subject Note and Mortgage by having failed to make the payment due on **July 1, 2010**.

3. As of **January 27, 2020**, the date that the instant bankruptcy was filed, the arrearage amount was approximately **$441,272.07,** which will be more particularly set forth in a Proof of Claim that will be filed prior to the claim deadline. This amount represents monthly payments, pre-petition late charges, advances for taxes/insurance, foreclosure costs and attorney's fees incurred with respect to the default.

4. Debtor's amended plan provides that a motion for participation in the MMM program has been filed when no such motion appears on the Docket.

5. Debtor's plan provides for adequate protection payments to be made to the secured creditor in the amount of **$897.95** that are woefully insufficient to provide the objecting creditor with adequate protection. In fact, said proposed payment is barely enough to cover the monthly escrow deposit necessary to pay the taxes and insurance relative to the subject property.

6. The Debtor's plan as proposed appears to contemplate that there will be no cure for the pre-petition arrears of Shellpoint unless or until a Loan Modification is achieved. The requirements of 11 U.S.C § 1322(d) do not allow for payment over a period longer than 5 years. Moreover, the debtor(s) are obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C § 1322(b)(5). Accordingly, in the event that the ongoing loss mitigation efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C § 1325(a)(1). The Debtor is unable to otherwise propose a feasible Plan.

7. The Debtor should not be permitted to further delay **Shellpoint** from proceeding with its rights and remedies, especially in light of the fact that the Debtor is more than nine (**9**) years in default, and the arrears owed to **Shellpoint** as of the Petition Date total nearly **$441,272.07**.

8. As a result of the foregoing, the Debtor's Amended Chapter 13 Plan is not confirmable as the Plan fails to provide for the full claim of **Shellpoint**, the proposed loan modification is entirely speculative at best, and a Chapter 13 Plan is not otherwise feasible. As such, **Shellpoint** objects to the confirmation of the Debtor's Chapter 13 Plan.

For the foregoing reasons, **Shellpoint** respectfully suggests that the Debtor cannot confirm her Chapter 13 Plan as proposed, and that the case should be converted or dismissed.

April 2, 2020                    **PINCUS LAW GROUP, PLLC**

                         By:    /s/ *Scott Stengel, Esq.*
                                **Scott R. Stengel, Esq.**
                                Florida Bar No.: 79086
                                Primary e-mail: sstengel@pincuslaw.com
                                Secondary e-mail: FLPleadings@pincuslaw.com
                                425 RXR Plaza
                                Uniondale, New York 11556
                                Telephone: 516-699-8902
                                Facsimile: 519-699-8902

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2020, I certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

 Vicki Lee Grusby
 260 SW 75 Terrace
 Plantation, FL 33317
 *Debtor(s)*

 Mitchell J. Nowack, Esq.
 8551 Sunrise Blvd #208
 Plantation, FL 33322
 *Counsel to the Debtor(s)*

Robin R. Weiner
POB 559007
Fort Lauderdale, FL 33355
*Chapter 13 Trustee*

Office of the United States Trustee
51 SW First Avenue
Suite 1204                                              /s/ *Scott Stengel, Esq.*
 Miami, FL 33313                                        Scott R. Stengel, Esq.

{07777684; 1}

Case 20-11033-SMG    Doc 23    Filed 04/02/20    Page 4 of 4

{07777684; 1}