IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

| | |
|---|---|
| In re: § | |
| Vicki Lee Grusby aka Vicki Northey aka § | |
| Grusby aka Vickie Grusby aka Vicky § | Case No. 20-11033-SMG |
| § | Chapter 13 |
| § | |
| Debtor(s). § | |

### NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING MOTION TO DISMISS

Comes Now, **NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-0C8, Mortgage Pass-Through Certificates, Series 2060-0C8** ("**Shellpoint**"), by and through its counsel, seeks to dismiss this case for debtor's failure to file amended plan pursuant to 11 U.S.C. 1307(c)(1) and (c)(7):

1. **Shellpoint** is a secured creditor of the debtor, **Vicki Lee Grusby** (the "Debtor") with respect to real property commonly known as **260 Southwest 75th Ter, Plantation, FL 33317** (the "Property").

2. The Debtor is in default under the subject Note and Mortgage by having failed to make the payment due on **July 1, 2010**.

3. As of the petition date, **January 27, 2020**, Debtor was in arrears to Shellpoint in the amount of **$441,272.07** as set forth within the Proof of Claim it filed on **April 6, 2020** as Claim #12. This amount represents monthly payments, pre-petition late charges, advances for taxes/insurance, foreclosure costs and attorney's fees incurred with respect to the default.

4. On April 27, 2020, Debtor filed her second amended proposed plan in which the Debtor provided that Shellpoint's claim would be addressed through the MMM program, subject to the customary rules and regulations stated therein. A copy of said plan is attached hereto as Exhibit "A".

5. On May 27, 2020, Debtor's second amended proposed plan was confirmed by Order of this Court. A copy of said Order is attached hereto as Exhibit "B".

6. Subject to the terms of the Confirmation Order and confirmed plan, Debtor was required to seek a modification through this Court's MMM program, subject to termination by the filing of the Mediator's final report. Upon filing of the same, the terms of the MMM program, which are incorporated and restated in Debtor's plan, require Debtor to file a modified plan to address Shellpoint's claim within 14 days.

7. In this case, Debtor made a Motion for Referral to Motion Modification Mediation on **April 24, 2020**. (Doc #27).

8. Participation in MMM was granted by Order entered **April 27, 2020**. (Doc #28).

9. The initial mediation conference date was scheduled for **July 16, 2020**.

10. In or around the month of February 2021, the Debtor was offered a trial period plan that required Debtor to make the first trial payment to the Secured Creditor on or before **March 1, 2021**. A copy of said trial offer letter is attached hereto as Exhibit "C".

11. Debtor failed to respond to communications with respect to this offer both in the DMM web portal and via electronic mail to her legal counsel.

12. As such, the mediation resulted in an impasse whereby the Debtor did not accept the trial modification as offered.

13. The mediator filed the final report of loss mitigation on **June 17, 2021**. A copy of the final report is attached hereto as Exhibit "D".

14. Pursuant to the terms of Debtor's confirmed plan, she was required to file an amended plan of reorganization within 14 days after the final report, or by July 1, 2021.

15. To date, no amended plan of reorganization has been filed, leaving the Secured Creditor's claim for mortgage arrears without redress.

16. Accordingly, Shellpoint hereby moves this Court pursuant to 11 U.S.C. §1307(c)(1) and (c)(7) to enter an Order dismissing the Debtor's Chapter 13 proceeding for failure to perform the duties of her confirmed plan and/or provide adequate protection and acceptable treatment for Shellpoint's claim in absence of a loan modification.

WHEREFORE, Shellpoint hereby respectfully requests the Court enter an order dismissing the instant Chapter 13 proceeding for failure to perform the duties of the confirmed plan and/or to enter an order awarding any such relief as the Court deems appropriate.

Date: September 1, 2021

**PINCUS LAW GROUP, PLLC**

By: /s/ *Scott Stengel, Esq.*
**Scott Stengel, Esq.**
Florida Bar No.: 79086
425 RXR Plaza
Uniondale, NY 11556
Tel.: (516) 699-8902
Email: sstengel@pincuslaw.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan

■ 2ND-MMM _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: VICKY LEE GRUSBY    JOINT DEBTOR: _____    CASE NO.: 20-11033-SMG

SS#: xxx-xx- 3068    SS#: xxx-xx- ____

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section VIII | ■ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $1,170.00 for months 1 to 38 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE ☐ PRO BONO

| Total Fees: | $7100.00 | Total Paid: | $1000.00 | Balance Due: | $6100.00 |
|---|---|---|---|---|---|
| Payable | $165.69 | /month (Months 1 to 36 ) | | | |
| Payable | $135.16 | /month (Months 37 to 37 ) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
$4,500.00 Base Legal Fee; $2,600.00 to file MMM Motion.

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: The Bank of New York Mellon/NewRez LLC d/b/a Shellpoint Mortgage Servicing
   Address: POB 10826    Arrearage/ Payoff on Petition Date: MMM
   Greenville SC 29603    MMM Adequate Protection: $897.95 /month (Months 1 to 38 )
   Last 4 Digits of Account No.: 1707
   Other: Payment is based on 31% of gross income minus monthly HOA fee.

LF-31 (rev. 10/3/17)    Page 1 of 4

Debtor(s): VICKY LEE GRUSBY_____    Case number: 20-11033-SMG

| ■ Real Property | Check one below for Real Property: |
|---|---|
| ■ Principal Residence | ■ Escrow is included in the regular payments |
| ☐ Other Real Property | ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly |

Address of Collateral:
260 SW 75 Terrace Plantation, FL 33317

☐ Personal Property/Vehicle

Description of Collateral: _____

- B. **VALUATION OF COLLATERAL:** ■ NONE
- C. **LIEN AVOIDANCE** ■ NONE
- D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
  - ■ NONE
- E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
  - ☐ NONE
  - ■ The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | El Dorado Estates Association, Inc. | 260 | 260 SW 75 Terrace Plantation, FL 33317 |
| 2. | Ford Motor Credit Company LLC | 0377 | Ford F-150 |

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

- A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE
- B. **INTERNAL REVENUE SERVICE:** ■ NONE
- C. **DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE
- D. **OTHER:** ■ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

- A. Pay __$30.53__ /month (Months _37_ to _37_ )
  
  Pay __$165.69__ /month (Months _38_ to _38_ )
  
  Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.
- B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.
- C. **SEPARATELY CLASSIFIED:** ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

VI. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.
  - ■ NONE

VII. **INCOME TAX RETURNS AND REFUNDS:** ☐ NONE
  - ■ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

VIII. **NON-STANDARD PLAN PROVISIONS** ☐ NONE

Debtor(s): VICKY LEE GRUSBY         Case number: 20-11033-SMG

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

☒ Mortgage Modification Mediation

1  The debtor has filed a Verified Motion for Referral to MMM with:
The Bank of New York Mellon/NewRez LLC d/b/a Shellpoint Mortgage Servicing        ("Lender")
loan number  1707
for real property located at  260 SW 75 Terrace Plantation, FL 33317

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): VICKY LEE GRUSBY_____    Case number: 20-11033-SMG

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |
|---|---|---|---|
| VICKY LEE GRUSBY | | | |

/s/Mitchell J Nowack, ESQ.        March 20, 2020
Attorney with permission to sign on        Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**

LF-31 (rev. 10/3/17)                                Page 4 of 4

# EXHIBIT B

**CGFD26** (4/23/19)



**ORDERED in the Southern District of Florida on May 27, 2020**

Scott M Grossman
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 20–11033–SMG**
**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Vicki Lee Grusby
aka Vicki Northey, aka Vicki Grusby, aka Vicky Grusby, aka Vickie Grusby
260 SW 75 Terrace
Plantation, FL 33317

SSN: xxx–xx–3068

## ORDER CONFIRMING CHAPTER 13 PLAN

This cause came before the court on 5/14/2020 for confirmation of the debtor's proposed Second Amended chapter 13 plan pursuant to Local Rule 3015–3(B)(2). Based on the record, including the debtor's "Certificate of Compliance and Request for Confirmation on Chapter 13 Plan", it is

**ORDERED** as follows:

1. The debtor's chapter 13 plan (the "Plan") meets with the provisions of 11 U.S.C. § 1325 and, if applicable, § 521 and 1308, and is, therefore, confirmed in accordance with its terms.

2. Any claim entitled to priority under 11 U.S.C. § 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. § 1322(a)(2), with postpetition interest as required by 11 U.S.C. § 506(b) payable on the secured portion of the claim.

---

[1] All references to "Debtor" shall include and refer to both Debtors in a case filed jointly by two individuals.

3. The debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following January 27, 2020, the date the petition was filed, or within 30 days from the date of conversion to chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this order.

4. If the Plan does not provide for payments to a secured creditor, the Plan provides for surrender of the property secured by the secured creditor's claim or the Plan provides for direct payment of the secured creditor's claim outside of the Plan, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor which secures the creditor's claim. The filing of a Motion to Modify a Plan does not operate as a stay of any action against property of the debtor which is not subject to the automatic stay absent further order of the court.

5. Any executory contract or unexpired lease of the debtor which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Plan confirmed by this order, is deemed rejected upon entry of this order.

6. If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the debtor, the following provisions shall apply:

    A. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

    B. The Tax Collector shall be served with any order entered post–confirmation which (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Chapter 13 Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Chapter 13 Trustee's website.

    C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the Court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

7. Pursuant to Local Rule 3070–1(C)(2), if the debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the debtor and the debtor's attorney. The debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45–day period. If the debtor is seeking to cure the delinquency in a modified plan the debtor must file a motion to modify the confirmed plan within 14 days of the date of the "Notice of Delinquency". If the debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency", the Trustee shall file and serve a report of non–compliance and the case will be dismissed without further notice or hearing. The court will not extend these deadlines absent extraordinary circumstances.

*Page 2 of 3*

8. To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

9. Nonstandard provisions must be set forth in Paragraph VIII of the Plan being confirmed. Nonstandard provisions set forth elsewhere in the Plan are void.

The clerk shall serve a copy of this order on all parties of record.

# # #

*Page 3 of 3*

Case 20-11033-SMG Doc 38 Filed 05/27/20 Page 12 of 20

# EXHIBIT C



P.O. BOX 51850
LIVONIA MI 48151-5850
RETURN SERVICE REQUESTED

**Phone Number:** 866-825-2174
**Fax:** 866-467-1187
**Email:** Lossmitigation@shellpointmtg.com
**Mon - Thurs:** 8:00AM-6:00PM
**Fri:** 8:00AM-5:00PM

MICHAEL C GRUSBY
VICKI GRUSBY
8551 SUNRISE BLVD
SUITE 208
PLANTATION FL 33322

| | |
|---|---|
| Principal Balance: | $430,000.00 |
| Property: | 260 Southwest 75Th Terrace Plantation, FL 33317 |

02/01/2021

Dear Homeowners,

Thank you for contacting us about your mortgage. Based on a careful review of the information you provided, you are approved to enter into a Trial Period Plan for a mortgage modification. This is the first step toward qualifying for more affordable mortgage payments or more manageable terms. It is important that you read this information in its entirety so that you completely understand the actions you need to take to successfully complete the trial period to permanently modify your mortgage.

**To Accept This Offer**

You must make your first trial period payment by 03/01/2021. If you fail to make the first trial period payment by 03/01/2021 and we do not receive the payment by the last day of the month in which it is due, this offer will be revoked.

**Make Trial Period Payments**

To successfully complete the trial period, you must make the trial period payments below.

- First payment: $6,613.70 by 03/01/2021
- Second payment: $6,613.70 by 04/01/2021
- Third payment: $6,613.70 by 05/01/2021

**TIME IS OF THE ESSENCE.**

Please send your trial period payments to:

Shellpoint Mortgage Servicing
P.O. Box 740039
Cincinnati, OH 45274-0039

After successfully completing the trial plan, you must continue making trial payments until your permanent modification is complete.

If you are a successor in interest, then in order to complete the Modification, we will need one of the following sets of documents – Death Certificate and Executed Will or Court Order; Recorded Instrument proving Tenancy by the Entirety or Joint-Tenancy (so long as the jurisdiction does not require a Probate Court to establish a successor); an Affidavit of Heirship and a Death Certificate (so long as the jurisdiction does not require a Probate Court to establish a successor); a Property Agreement filed incident to a divorce proceeding (so long as the jurisdiction does not require a Deed conveying the interest in the property); or Evidence of a Quit Claim Deed transferred from living spouse or parent.

For future communications regarding the status of your loan or your application for loss mitigation, you may contact your SPOC (Single Point of Contact) by phone at 888-442-2295. Alternatively, you may visit our Borrower Web Portal at www.shellpointmtg.com or email your SPOC directly at nvasquez@shellpointmtg.com.

Sincerely,

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOU**



**Next Steps**

- It is important that you thoroughly review the *Frequently Asked Questions* and *Additional Trial Period Plan Information and Legal Notices* information attached.

- This Trial Period Plan offer is contingent on you having provided accurate and complete information. We reserve the right to revoke this offer or terminate the plan following your acceptance if we learn of information that would make you ineligible for the Trial Period Plan.

- Once you have successfully made each of the payments above by their due dates, you have submitted two signed copies of your modification agreement, and we have signed the modification agreement, your mortgage will be permanently modified in accordance with the terms of your modification agreement.

- **We must receive each payment in the month in which it is due. If you miss a payment or do not fulfill any other terms of your Trial Period Plan, this offer will end and your mortgage loan will not be modified**.

- If you have questions about this information, your trial period payments, or our mortgage modification requirements, please contact us at 866-825-2174.

- If you feel that you cannot afford the trial period payments shown above but want to remain in your home, or if you have decided to leave your home, please contact us at 866-825-2174 to discuss alternatives to foreclosure.

- Please note that, except for your monthly mortgage payment amount during the trial period, the terms of your existing note and all mortgage requirements remain in effect and unchanged during the trial period.

- **The completion of a modification may involve debt forgiveness and have tax consequences. You are strongly encouraged to consult with your legal and/or tax advisor(s) prior to accepting this offer.**

| FREQUENTLY ASKED QUESTIONS | Get the answers you need to some of the most common questions. |
|---|---|

**Q. What else should I know about this offer?**

- You will not be charged any fees for this Trial Period Plan or a permanent modification.

- If your loan is modified, we will waive all unpaid late charges.

- **Credit Reporting:** We will continue to report the delinquency status of your loan to credit reporting agencies as well as your entry into a Trial Period Plan in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements. **CREDIT SCORING COMPANIES GENERALLY CONSIDER THE ENTRY INTO A PLAN WITH REDUCED PAYMENTS AS AN INCREASED CREDIT RISK. AS A RESULT, ENTERING INTO A TRIAL PERIOD PLAN MAY ADVERSELY AFFECT YOUR CREDIT SCORE, PARTICULARLY IF YOU ARE CURRENT ON YOUR MORTGAGE OR OTHERWISE HAVE A GOOD CREDIT SCORE.** For more information about your credit score, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

**Q. Why is there a trial period?**

The trial period offers you immediate payment relief and gives you time to make sure you can manage the lower monthly mortgage payment. The trial period is temporary, and your existing loan and loan requirements remain in effect and unchanged during the trial period.

**Q. When will I know if my loan can be modified permanently and how will the modified loan balance be determined?**

Once you make all of your trial period payments on time and return to us two copies of the modification agreement with your signature, we will sign one copy and send it back to you so that you will have a fully executed modification agreement detailing the terms of the modified loan. Any difference between the amount of the trial period payments and your regular mortgage payments will be added to the balance of your loan along with any other past due amounts as permitted by your loan documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment.

**Q. Will my interest rate and principal and interest payment be fixed after my loan is permanently modified?**

Once your loan is modified, your interest rate and monthly principal and interest payment will be fixed for the life of your mortgage. Your new monthly payment will include an escrow for property taxes, hazard insurance and other escrowed expenses. If the cost of your homeowners insurance, property tax assessment or other escrowed expenses increases, your monthly payment will increase as well.

**Additional Trial Period Plan Information and Legal Notices**

- You agree that we will hold the trial period payments in an account until sufficient funds are in the account to pay your oldest delinquent monthly payment. You also agree that the servicer will not pay you interest on the amounts held in the account. If any money is left in this account at the end of the Trial Period Plan and you qualify for a loan modification, those funds will be deducted from amounts that would otherwise be added to your modified principal balance.
- The servicer's acceptance and posting of your payment during the trial period will not be deemed a waiver of the acceleration of your loan and related activities, and shall not constitute a cure of your default under your loan unless such payments are sufficient to completely cure your entire default under your loan.

**If your monthly payment did not include escrows for taxes and insurance, you are now required to do so:**

- You agree that any prior waiver that allowed you to pay directly for taxes and insurance is revoked. You agree to establish an escrow account and to pay required escrows into that account.

**Your current loan documents remain in effect; however, you may make the trial period payment instead of the payment required under your loan documents:**

- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the Trial Period Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

### Modification Program Review

You were evaluated for mortgage payment assistance based on the eligibility requirements of BANK OF NEW YORK AS TRUSTEE FOR CWALT 2006-OC8, the owner of your mortgage loan. Borrowers must meet their eligibility requirements to be eligible for a loan modification Trial Period Plan.

Based on our review of your financial circumstances, you are approved for a Standard Modification Trial Period Plan.

You are conditionally approved for the programs listed below. Please call us at 866-825-2174 to discuss further documentation required for these programs.

- Short Sale
- Deed in Lieu of Foreclosure

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Federal Trade Commission, Equal Credit Opportunity, 600 Pennsylvania Avenue, NW, Washington, DC 20580.

Under federal law, you have the right to obtain a free copy of your credit report from Transunion LLC, the consumer reporting agency who provided us the credit report, within 60 days of this notice.

You have a right to dispute any inaccurate information in your credit report. If you find mistakes on your credit report, contact the consumer reporting agency. It is a good idea to check your credit report to make sure the information it contains is accurate. Your credit score was obtained with your permission from TransUnion LLC on 10/28/2020. Below is their contact information:

| Obtain Credit Report | For Disputes |
| --- | --- |
| TransUnion LLC | TransUnion LLC |
| P.O. Box 1000 | P.O. Box 2000 |
| Chester, PA 19016-1000 | Chester, PA 19016-2000 |
| Toll-Free: 800-888-4213 | Toll-Free: 800-916-8800 |

**Your credit score was 525 when it was obtained in part of your evaluation on 01/30/2021. How your score compares to the scores of other consumers:**
Very Bad Credit: credit scores below 600
Bad Credit: credit scores between 600 and 650
Fair Credit: credit scores between 650 and 700
Good Credit: credit scores between 700 and 750
Very Good Credit: credit scores between 750 and 800

Shellpoint Mortgage Servicing("Shellpoint") does not receive key factors that have affected your credit score. The below are key factors that could have affected your credit score.

- The amount on your accounts is too high, delinquent, or you have too many accounts opened with balances.
- There is either a lack of revolving account information or a low average age of revolving accounts.
- Your FICO® Score considers how recently you opened a new credit account. Your FICO® Score takes into account missed and late payments in a few ways. These include the number of late payments, how late they were and how recently they occurred. Most collections, public records and delinquencies stay on your report for no more than seven years – though bankruptcies may remain for up to 10 years.
- The presence of a derogatory public record or collection is a powerful predictor of future credit repayment behavior.
- Each time you apply for credit a credit inquiry is added to your credit report. People who are actively seeking credit pose more of a risk to lenders than those who are not.
- Your FICO® Score was lowered due to the number of credit inquiries within the last 12 months.

Under federal law, you have the right to obtain a free copy of your credit report from each of the nationwide consumer reporting agencies once a year.

To order your free annual credit report—
By telephone: Call toll-free: 1-877-322-8228
On the web: Visit www.annualcreditreport.com
By mail: Mail your completed Annual Credit Report Request Form (which you can obtain from the Federal Trade Commission's web site at https://www.consumer.ftc.gov/articles/pdf-0093-annual-report-request-form.pdf) to:

Annual Credit Report Request Service<br>
P.O. Box 105281<br>
Atlanta, GA 30348-5281

**Notice to the Loan Modification Applicant** In connection with your application for a loan modification, the lender must disclose to you the score that a consumer reporting agency distributed to users and the lender used in connection with your home loan, and the key factors affecting your credit scores. The credit score is a computer generated summary calculated at the time of the request and based on information that a consumer reporting agency or lender has on file. The scores are based on data about your credit history and payment patterns. Credit scores are important because they are used to assist the lender in determining whether you will obtain a loan. They may also be used to determine what interest rate you may be offered on the mortgage. Credit scores can change over time, depending on your conduct, how your credit history and payment patterns change, and how credit scoring technologies change. Because the score is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Credit records may vary from one company to another. If you have questions about your credit score or the credit information that is furnished to you, contact the consumer reporting agency at the address and telephone number provided with this notice, or contact the lender, if the lender developed or generated the credit score. The consumer reporting agency plays no part in the decision to take any action on the loan application and is unable to provide you with specific reasons for the decision on a loan application. If you have questions concerning the terms of the loan modification, contact the lender.

<b>Please read the following important notices as they may affect your rights.</b>

NewRez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. NewRez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

P I000014 S-SFRECS20 L-2306 A-0578151707

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and twelve months after the servicemember's military or other service. Counseling for covered servicemembers is available from Military OneSource (800-342-9647) and the United States Armed Forces Legal Assistance or other similar agencies. For more information, please visit the Military OneSource website www.militaryonesource.mil/.

**Notice of Error or Information Request Address:** You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address: Shellpoint Mortgage Servicing P.O. Box 10826 Greenville, SC 29603-0826

Shellpoint Mortgage Servicing utilizes third-party providers in connection with the servicing of your loan, but Shellpoint Mortgage Servicing remains responsible for all actions taken by third-party providers.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

**Our system of record has your preferred language as English.**

**If you prefer to receive communication in a language other than English, please contact us at 866-825-2174 to speak with a translator in your preferred language about the servicing of your loan or a document you received.**

**Si prefiere recibir las comunicaciones en otro idioma que no sea el inglés, por favor, contáctenos en el 866-825-2174 para hablar con un traductor en el idioma de su preferencia sobre la gestión de su préstamo o cualquier documento que haya recibido.**

**如果您要使用英语以外的其他语言进行交流，请致电 866-825-2174，我们将根据您首选的语言安排相应的译员，与您就贷款服务事项或您所接收的文件进行商讨。**

Please note that we operate as NewRez Mortgage LLC dba Shellpoint Mortgage Servicing in Arkansas and Texas.

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re: | Case #20-11033-SMG
**Debtor:** Vicki Grusby | Chapter 13

### FINAL REPORT OF LOSS MITIGATION MEDIATOR

**The undersigned court-appointed Mortgage Modification Mediation Mediator, reports to the court as follows:**

**A.** The final Mortgage Modification Mediation Mediator (MMM) conference was conducted on 06-16-2021 and the following parties were present:

1. [ x ] The Debtor: Vicki Grusby
2. [ x ] The Debtor's Attorney: Christian Olson
3. [ x ] The Lender's Representative: Noe Vasquez
4. [ x ] The Lender's Attorney: Scott Stengel

**B.** The final MMM conference was scheduled for 06-16-2021 but not conducted for the following reason:

1. [  ] The parties settled prior to attending
2. [  ] The case was dismissed
3. [  ] The debtor failed to attend
4. [  ] The debtor's attorney failed to attend
5. [  ] The lender failed to attend
6. [  ] The lender's attorney failed to attend
7. [  ] Other

**C.** The result of the MMM conference is as follows:

1. [  ] The parties reached an agreement
2. [ x ] The parties did not reach an agreement


Dated: 06.17.21

Copies To:
[All Parties to Mediation]

Signature of Mediator: _____ //s// Christian McCue
Printed Name: Christian McCue
Address: 6245 N Federal Hwy # 418 Ft. Lauderdale , FL 33308
Phone: (954) 267-9377
Email: christian.mccue@mccuelaw.com